**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL ROSATI, individually and derivatively on behalf of Rosati's Franchise Systems, Inc. and WILLIAM ROSATI, individually and derivatively on behalf of Rosati's Franchise Systems, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY ROSATI, DAVID ROSATI, and POWER PLAY DISTRIBUTORS, LLC, <br><br> Defendants, <br><br> and <br><br> ROSATI'S FRANCHISE SYSTEMS, INC. <br><br> Nominal defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br><br> Case No. 20-7762 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Michael Rosati and William Rosati ("Plaintiffs"), each acting individually and derivatively on behalf of Nominal Defendant Rosati's Franchise Systems, Inc., by and through their attorneys, Kirkland & Ellis LLP, for their Complaint, hereby allege against Defendants Anthony Rosati and David Rosati (the "Individual Defendants"), and Defendant Power Play Distributors, LLC (collectively with the Individual Defendants, "Defendants") as follows.

**NATURE OF THE ACTION**

1.      Plaintiffs bring this action both individually and derivatively on behalf of Nominal Defendant Rosati's Franchise Systems, Inc. ("RFSI") against Defendants for: (a) the Individual Defendants' breach of their fiduciary duties owed to RFSI; (b) the Defendants' past, ongoing, and threatened trademark infringement, false designation of origin, counterfeiting, deceptive trade practices, and unfair competition through their unauthorized use of RFSI's trademarks; and (c) the Individual Defendants' breach of the their license agreements with RFSI and RFSI's other shareholders.

2.      Plaintiffs and the Individual Defendants each are members of the Rosati family and shareholder-directors of RFSI, a family-owned entity that maintains trademarks associated with Rosati's Pizza Restaurants.  Each Plaintiff and Individual Defendant owns ten percent of RFSI. Individual Defendant David Rosati purports to be RFSI's President, although he was never elected to that position by RFSI's board.

3.      RFSI is the "sole and exclusive owner of all right, title and interest in and to the name[] 'Rosati's Pizza' and all trademarks and service marks associated therewith."  (*See* Ex. A at Preamble).  RFSI's rights include (a) common law rights to the service mark ROSATI'S and the associated logo mark when used in connection with pizza and/or restaurant services (the "Common Law Marks"), and (b) two trademarks listed on the U.S. Patent & Trademark Office's ("USPTO") principal register: the service mark ROSATI'S and the logo mark ROSATI'S AUTHENTIC CHICAGO PIZZA EST. 1964 (the "Registered Marks") (together, the "Rosati's Marks").

4.      RFSI does not own or operate restaurants.  Instead, Rosati Pizza Restaurants are owned and operated by the individual shareholder-directors of RFSI or their sublicensees.  Each shareholder-director is party to a license agreement (the "License Agreement(s)") that permits

them to use (or to sublicense) the Rosati's Marks "to operate Rosati's *Pizza Restaurants*" without compensation to RFSI.[1] (Ex. A § 1) (emphasis added). That license is subject only to certain non-competition provisions that prevent any shareholder-director from opening a competing Rosati's location within five miles of a pre-existing Rosati's location.

5. On information and belief, sometime in 2020, the Individual Defendants, in cooperation with Defendant Power Play, began manufacturing, distributing, and selling frozen pizzas under the Rosati's Marks in Illinois grocery stores. These frozen pizzas directly compete with Rosati's Pizza Restaurants owned by Plaintiffs, some of which are situated less than five miles away from the grocery stores in which the frozen pizzas are currently being offered for sale.

6. RFSI has not granted Defendants a license to use the Rosati's Marks on frozen pizzas. Instead, the Individual Defendants have been using, and have represented to Plaintiffs that they will continue to use, the Rosati's Marks on frozen pizzas without RFSI's permission, and without any compensation to RFSI.

7. Defendants' unauthorized use of the Rosati's Marks constitutes unfair competition, trademark infringement, trademark dilution, and false designation of origin under the federal Lanham Act and under Illinois state law. As the License Agreements make clear, the Individual Defendants do not own any interest in the Rosati's Marks, nor do they have any right to use them other than as specified in those agreements.

8. Individual Defendants' actions also constitute a breach of contract, as the License Agreements specifically prohibit licensees from using the Rosati's Marks other than in connection

---

[1] The License Agreement attached hereto as Exhibit A, which names Fredric Rosati as the licensee, is identical to the License Agreements signed by each of RFSI's shareholders.

with Rosati's Pizza Restaurants, and further impose quality control obligations that are violated by the sale of frozen pizzas under the Rosati's Marks.

9.      The Individual Defendants have prevented RFSI from taking any action to enforce its intellectual property by leveraging their control over RFSI's board of directors.  The Individual Defendants exert control over four of their fellow RFSI shareholder-directors via their control over an organization that: (a) operates a joint franchising scheme for the benefit of those directors; (b) controls the collection, receipt, and distribution of franchise royalty payments to those directors; and (c) provides essential administrative and managerial services to the Rosati's Pizza Restaurants owned or sublicensed by those directors.

10.     Accordingly, the Individual Defendants have used their control over RFSI to usurp for themselves the valuable opportunity of using the Rosati's Marks to sell frozen pizzas.  Rather than pursuing that opportunity through RFSI for the benefit of RFSI's shareholders, the Individual Defendants are pursuing that opportunity independently by exploiting RFSI's intellectual property without authorization or rightful compensation.  In so doing, the Individual Defendants have put their interests above those of RFSI's shareholders and have thus breached their fiduciary duties to RFSI.

11.     The Individual Defendants have refused Plaintiffs' demands to cease their infringing use of the Rosati's Marks.  As RFSI's management and board of directors is firmly under the control of and beholden to the Individual Defendants, any demand to RFSI's board would be futile.

12.     Accordingly, Plaintiffs have no choice but to bring this action on behalf of themselves and RFSI.

## PARTIES

13.    Plaintiff Michael Rosati ("Mike") is a resident of Illinois and a 10 percent shareholder and a director of RFSI.

14.    Plaintiff William Rosati ("Billy") is a resident of Illinois and a 10 percent shareholder and a director of RFSI.  Both Mike and Billy are members of a group of RFSI shareholders who collectively represent 30 percent ownership of RFSI (the "Minority Group"). Fredric Rosati ("Rick"), who recently died, was also part of the Minority Group with Mike and Billy.  Rick's brother Jeffrey Rosati ("Jeff") is the administrator of Rick's estate.

15.    Nominal defendant RFSI is an Illinois corporation with its principal place of business located in Schaumburg, Illinois.  RFSI is the owner of all rights, title and interest in the Rosati's Marks.

16.    Defendant Anthony Rosati ("Anthony") is a resident of Florida and a 10 percent shareholder and a director of RFSI.  Anthony is the leader and primary spokesperson of a group of RFSI shareholders who collectively represent 60 percent ownership of RFSI (the "Majority Group").  The Majority Group consists of Individual Defendants Anthony and David Rosati, along with Stephen Rosati ("Stephen"), Geary Rosati ("Geary"), Joanne Rosati Czernek ("Joanne"), and Lisa Rosati Suma ("Lisa").

17.    Defendant David Rosati ("David") is a resident of Florida and a 10 percent shareholder and a director of RFSI.  David purports to be the President of RFSI, although he was never elected to that position by RFSI's board.

18.    Defendant Power Play Distributors, LLC ("Power Play") is an Illinois corporation with its principal place of business in Illinois.  Power Play is the distributor of a line of frozen pizzas that bear the Rosati's Marks and are currently offered for sale in grocery stores in Illinois.

## JURISDICTION AND VENUE

19.    This Court has personal jurisdiction over Nominal Defendant RFSI because RFSI is an Illinois corporation with its principal place of business in Illinois.

20.    This Court has personal jurisdiction over Defendant Anthony Rosati because he has committed acts giving rise to this action within Illinois and within this District, and has further purposefully availed himself of the rights and benefits of the laws of Illinois.

21.    This Court has personal jurisdiction over Defendant David Rosati because he has committed acts giving rise to this action within Illinois and within this District, and has further purposefully availed himself of the rights and benefits of the laws of Illinois.

22.    This Court has personal jurisdiction over Defendant Power Play Distributors, LLC because it is an Illinois limited liability company with its principal place of business in Illinois.

23.    This action arises under the Lanham Act, 15 U.S.C. §§ 101, *et seq*.  This Court has subject matter jurisdiction over the federal claims included herein pursuant to 28 U.S.C. §§ 1391 and 1338 and 15 U.S.C. § 1121.  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

24.    Venue is proper in this District under 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL CLAIMS

**A.      History of Rosati's Pizza**

25.    The first Rosati's Pizza Restaurant was opened in Mt. Prospect, Illinois, in 1964 by Ron Rosati (Anthony's father) and his brother, Richard Rosati ("Dick").  Another brother, Al, joined them as a partner shortly after the Mr. Prospect location opened.  Ron, Dick, and Al opened a second Rosati's Pizza Restaurant in Niles, Illinois, after the 1964 opening of the Mt. Prospect location.

26. In the years that followed, Mike, Rick, Geary and Stephen also opened Rosati's Pizza Restaurants. Those restaurants were operated independently of the Rosati's Pizza Restaurants owned by Ron, Dick, and Al.

27. In 1988, the Rosati family members initiated plans to franchise the Rosati's pizza restaurant concept, and formed RFSI. At that time, the RFSI shareholders were Stephen, William, Rick, Ron, Al, Fred, Dick, Michael, Geary Rosati and Joanna Czernak. Each shareholder held a 10 percent ownership stake in the company.

28. In the early 1990s, Al, Ron, Fred, and William transferred their shares of RFSI to their children Lisa, Anthony, Billy, and David, respectively.

29. From 1993 to 1997, an outside management team ran the RFSI franchise business and sold about 20 franchises. Throughout this period, as before, the Rosati family members continued to operate Rosati's Pizza Restaurants independently of RFSI.

**B.    The Rosati's Marks**

30. RFSI owns common law rights to the service mark "Rosati's" and the associated logo mark (shown below) when used in connection with pizza and/or restaurant services.

**Figure 1: RFSI's Common Law Logo Mark**



The "Rosati's" service mark was first used in connection with pizza in 1964, when RFSI's predecessors-in-interest opened the first Rosati's Pizza Restaurant in Mt. Prospect, Illinois. The associated logo mark has been in use in connection with Rosati's Pizza Restaurants since at least 1993. Both marks have been continually used in commerce since at least 1993, and have acquired

distinctiveness and secondary meaning when used in connection with pizza and/or restaurant services.

31.　　In 1995, RFSI obtained two U.S. trademark registrations.  The USPTO issued U.S. Reg. No. 1,906,101 on July 18, 1995 for the mark ROSATI'S PIZZA to identify restaurant services.  (*See* Ex. B (Registration Certificate)).  The USPTO issued U.S. Reg. No. 1,934,683 on November 14, 1995 for the mark ROSATI'S AUTHENTIC CHICAGO PIZZA EST. 1964 to identify restaurant services.  (*See* Ex. C. (Registration Certificate)).

**C.　　The 1998 Agreements**

32.　　Throughout the mid to late 1990s, disputes arose among the Rosati family members, centering on their differing notions of how to run and build the business.  By 1998, the Rosatis decided to cease franchising Rosati's Pizza Restaurants through RFSI, to limit the role of RFSI to maintaining the Rosati's Marks, and to permit each of the shareholders to continue running their pizza restaurants independently of each other.

33.　　That year, the RFSI shareholders entered into an agreement providing that RFSI would "license to [each of] the [RFSI] Shareholders the right to use, and to sublicense to third parties [] the use of [] the [Rosati's Marks] in connection with the operation of Rosati's Pizza Restaurants," subject to territorial restrictions prohibiting a new Rosati's Pizza Restaurant within five miles of an existing restaurant.  (*See* Ex. D (Agreement Concerning Exclusive Territorial Rights)).  Both Anthony and David Rosati were parties to that contract.  (*See id.* at 4.)

34.　　To execute this arrangement, RFSI and each of the RFSI shareholders (including Anthony and David Rosati) entered into a series of license agreements granting each of the shareholders a "perpetual, non-exclusive and royalty-free" license "to use, and to sublicense the use of, the Marks and Recipes to operate Rosati's Pizza Restaurants . . . ."  (Ex. A, § 1).  The License Agreements provided that each "Licensee may only sublicense the Marks and Recipes for

8

purposes of operating individual Rosati's Pizza Restaurants" (*id.* § 10), and further specifically prohibited licensees from "us[ing] or licens[ing] the Marks in any way not expressly authorized herein," (*id.* § 15).

35.     The License Agreements also provided a mechanism for controlling competition between Rosati's restaurants.  That mechanism provides for an "exclusive territory for each Rosati's Pizza Restaurant," defined as 5 miles by road.  (*Id.* § 2.)  The License Agreements permitted any shareholder-licensee to deliver "products offered by their Rosati's Pizza Restaurant's to customers located in the exclusive territories of other operators of Rosati's Pizza Restaurant's."  (*Id.*)  The License Agreements, however, made no mention of, and thus granted no rights for, the sale of products independent of Rosati's Pizza Restaurants, *i.e.* sales of frozen pizzas in grocery stores.

36.     The License Agreements also include an express acknowledgment that RFSI is the owner of the Rosati's Marks, that "any goodwill established" through the "use of the [Rosati's] Marks by Licensee . . . shall inure to the exclusive benefit of [RFSI]," and that "this Agreement does not confer any goodwill or other interests in the [Rosati's] Marks upon Licensee."  (*Id.* § 4.)

37.     The License Agreements also require licensees to "diligently enforce the provisions of the Sublicense Agreement" and "cause [their] sublicensees to provide, a quality of services and products sold under the [Rosati's] Marks that is commensurate with the quality of products and services offered by Rosati's Pizza Restaurants as of the date of this Agreement." (*Id.* §§ 5, 7.)

38.     The License Agreements were signed, on behalf of RFSI, by Plaintiff Mike Rosati, who at that time was its formally-elected President.  (*Id.* at 9.)  Because each shareholder-licensee was an intended third-party beneficiary of the License Agreements' exclusivity and non-

competition provisions, the agreements were also signed by each individual RFSI shareholder-licensee.  (*Id.*)

### D.    The Majority Group

39.    RFSI's board of directors consists of its ten individual shareholders.  The ten RFSI shareholder-directors operate in two groups: the Majority Group, consisting of Anthony, David, Stephen, Geary, Joanne, and Lisa; and the Minority Group, consisting of Rick's estate (represented by Jeff), Michael, and Billy.  (Dick Rosati is the only RFSI shareholder-director who is not affiliated with either group.)  Each group coordinates and manages the business operations of the individual Rosati's Pizza Restaurants owned and sublicensed by its members.

40.    Currently, there are at least 235 Rosati's Pizza Restaurants in existence.  The Minority Group owns or sublicenses at least 68 Rosati's Pizza Restaurants across Arizona, Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Maryland, Minnesota, Nevada, North Carolina, Tennessee, Texas, and Wisconsin.  The Majority Group owns or sublicenses at least 166 Rosati's Pizza Restaurants across Arizona, California, Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Mississippi, Missouri, Nebraska, Nevada, North Carolina, Texas, and Wisconsin.

41.    Upon information and belief, Anthony and David control and operate a joint franchising scheme on behalf of the members of the Majority Group through an organization known as Rosati's Franchising, Inc. ("RFI").  RFI attracts and obtains leads for potential franchisees via its website, *myrosatis.com/franchise*.  Leads who express interest through that website are distributed by RFI to individual members of the Majority Group, who follow up with the leads independently.  Once the leads convert into actual licensees/franchisees of the Rosati's

concept, RFI collects royalties from those licensees/franchisees and distributes them to the Majority Group member to whom the lead was originally assigned.

42.    Upon information and belief, RFI also collects rebates from the suppliers with whom the Majority Group's licensees/franchisees do business. Those rebates are not distributed to the Majority Group licensors, but are instead used to fund the performance of administrative and managerial services for the restaurants owned and sublicensed by the Majority Group members, including general management, graphic design support, legal services, finance and accounting services, tax preparation, preparation of franchise disclosure documents for prospective licensees/franchisees, and quality assurance through periodic restaurant visits.

43.    Upon information and belief, Anthony and David Rosati have complete control over the use of RFI's rebate income, which amounts to at least two million dollars per year. Anthony and David are also the only members of the Majority Group involved in RFI's operations, and the only members of the Majority Group with any day-to-day knowledge of the services RFI provides to the group's pizza restaurants. The other members of the Majority Group—Stephen, Geary, Joanne, and Lisa—each are retired from the business and are unable to manage the daily operations of their restaurants or to monitor and transact with their licensees/franchisees directly.

44.    Upon information and belief, Anthony and David also operate an independent franchising scheme from which they alone benefit. In furtherance of that scheme, Anthony and David run a separate franchising website, *rosatisfranchising.com*. The royalties from any licensing or franchising arrangements arising from that website benefit Anthony and David exclusively.

45.    Upon information and belief, of the 166 restaurants owned or sublicensed by the members of the Majority Group, 121 are owned or sublicensed by Anthony and David. Upon

information and belief, a substantial majority of the rebates that fund RFI's operations come from purchases made by restaurants that Anthony and David control.

46.     Upon information and belief, while RFI is jointly owned by the six members of the Majority Group, its governing agreements permit any of its members to withdraw their interest and restaurants from the company at any time and without penalty.  Accordingly, Anthony and David are able to exit RFI, taking with them (a) the management infrastructure on which the other Majority Group members' restaurants rely and (b) the substantial rebate income generated by their restaurants.  Because the other members of the Majority Group have no working knowledge of or experience with the crucial management and operational services that RFI provides to their restaurants, and because those services are funded primarily by Anthony and David's restaurants, the possibility of Anthony and David's exit from RFI thus presents a grave financial risk to those members' business interests.  Moreover, because Anthony and David have exclusive control over the Majority Group's joint franchising scheme, including its lead-generating website, *myrosatis.com/franchise*, their break from the Majority Group would result in the other members' loss of lucrative franchising and licensing opportunities.

47.     Accordingly, Anthony and David dominate the Majority Group and have the ability to exert significant control over the business interests of the other four RFSI shareholder-directors in that group.

**E.    Unauthorized Use of the Marks on Frozen Pizzas**

48.    Upon information and belief, in 2020, Anthony and David Rosati, in partnership with Defendant Power Play, commenced a new enterprise to sell frozen pizzas under the Rosati's Marks (the "Infringing Pizzas").

49.    Upon information and belief, Anthony and David decided to use the Rosati's Marks on the Infringing Pizzas, rather than build an independent brand, in order to capitalize on the reputation and goodwill associated with the Rosati's Pizza Restaurants.

50.    The Infringing Pizzas are currently available for purchase in Illinois grocery stores. Upon information and belief, Anthony and David plan to distribute the Infringing Pizzas in other states, including Missouri, Wisconsin, Indiana, Michigan, and Ohio.

51.    The front of the box in which the Infringing Pizzas are sold features a logo that is identical to the common law logo mark owned by RFSI and the logo registered to RFSI under U.S. trademark registration 1,934,683:

**Figure 2: Infringing Pizza Box (Front)**          **Figure 3: RFSI's Logo Mark**




52.    The back of the box in which the Infringing Pizzas are sold features the same logo, along with several paragraphs of text about the Rosati's family and the history of Rosati's pizza. (*See* Fig. 4, *infra*).

53.     The back of the box also includes an invitation to "Join the Family" with a link to *rosatisfranchising.com*, the website owned and operated by Anthony and David Rosati, to solicit licensees/franchisees for their exclusive benefit.

**Figure 4: Infringing Pizza Box (Back)**



54.     Text on the back of the Infringing Pizza box states that "the family is honored to say that the Rosati's brand has **over 200 restaurants** nationwide." (*See* Fig. 4, *supra* (emphasis added)).   As the Majority Group lists only 166 Rosati's Pizza Restaurants on its website, this number necessarily includes Rosati's Pizza Restaurants owned or sublicensed by the Minority Group.   Accordingly, this text misleadingly implies that the Infringing Pizzas are created, sponsored, or endorsed by, or otherwise associated or connected with, restaurants owned and operated by Plaintiffs or their sublicensees.

55.     Further, the back of the box indicates that the Infringing Pizzas are distributed by Defendant Power Play.

56.     The Infringing Pizzas are sold within five miles (by road) of Rosati's Pizza Restaurants owned or sublicensed by Plaintiffs.  For example, the Infringing Pizzas are offered for sale at the Jewel-Osco grocery store at 44 East Rand Road in Arlington Heights, Illinois, which is less than two miles by road from a Rosati's Pizza Restaurant owned by Plaintiff Billy Rosati.

57.     The Infringing Pizzas are of inferior quality to the pizzas sold in the Rosati's Pizza Restaurants, in part because, as a general matter, frozen pizzas are of inferior quality to freshly-prepared restaurant pizzas.

**F.     The Individual Defendants' Refusal To Cease Infringement**

58.     On or about September 28, 2020, Plaintiffs learned that Anthony and David were selling frozen pizzas bearing the Rosati's Marks in grocery stores.  At least five of Plaintiffs' licensees complained after seeing frozen pizzas in grocery stores, claiming such activity degrades the Rosati's Marks and unfairly competes with their restaurant businesses.  This has damaged the relationship between Plaintiffs and these licensees.

59.     On October 16, 2020, Michael and Billy, through counsel, sent a cease and desist letter (the "October 16 Letter") to counsel for Anthony and David, demanding that they:  (a) cease licensing any third parties to distribute and/or sell frozen pizzas that carry the Rosati's Marks; (b) terminate any existing licenses that permit the sale or distribution of frozen pizzas with the Rosati's Marks; and (c) take appropriate actions to cause sublicensees to stop distributing and selling frozen pizzas that bear the Rosati's Marks. (Ex. E (October 16 Letter)).

60.     On October 19, 2020, Jeff, Anthony and David spoke over the phone regarding the sale of frozen pizzas.  Anthony and David admitted to selling frozen pizzas bearing the Rosati's mark and refused to comply with demands to cease and desist this activity.  Anthony and David told Jeff they would continue the frozen pizza business.

15

61.     On October 23, 2020, Jeff, Mike, Billy, Anthony, David, and David's son Andrew met in person.  Anthony and David maintained their intent to continue the distribution and sale of frozen pizzas, refusing to comply with Plaintiffs' cease and desist demands.

62.     On November 10, 2020, counsel for Michael, Billy and Jeff wrote to counsel for Anthony (the "November 10 Letter"), reasserting that the distribution and sale of frozen pizzas was improper, objecting to such activity, and reserving all rights with respect to the dispute, including filing legal action.  (Ex. F (November 10 Letter)).

63.     No response has been received to the aforementioned cease and desist letters.

64.     On information and belief, Anthony and David continue to distribute and sell, or contract with others, including Defendant Power Play Distributors, LLC, to distribute and sell frozen pizzas.

## FUTILITY OF DEMAND

65.     As explained above, Plaintiffs have demanded that the Individual Defendants cease their infringement of the Rosati's Marks.  The Individual Defendants have ignored those demands.

66.     Plaintiffs have not made any further demand to Individual Defendants Anthony and David Rosati because they are the primary actors responsible for the wrongful conduct set forth herein and therefore face a significant likelihood of being held liable for, among other things, breaching their fiduciary duties to RFSI shareholders, breaching their obligations under the License Agreement, and infringing RFSI's trademarks.  Accordingly, Anthony and David Rosati are not capable of making a disinterested business judgment in the best interests of RFSI and its shareholders as to a demand that RFSI prosecute this action.

67.     Upon information and belief, the members of the Majority Group disapprove of Defendants' infringement of the Rosati's Marks.  However, the members of the Majority Group are unwilling to exercise their power as RFSI directors to cause RFSI to prosecute an enforcement

action against Defendants out of fear that, in retribution, Anthony and David would leave RFI, ending the Majority Group's lucrative joint franchising scheme and jeopardizing the continued operation of the other Majority Group members' restaurants. *See supra* ¶ 46.

68. For those reasons, the members of the Majority Group are insufficiently independent to act in the best interests of RFSI's shareholders. Accordingly, Plaintiffs have not made any demand to the RFSI board that it pursue legal action against Defendants because such a demand would be futile.

69. This action seeks remedies from Defendants Anthony Rosati, David Rosati, and Power Play, not from RFSI. Those remedies will inure to the benefit of both Plaintiffs and RFSI.

## DERIVATIVE CLAIMS

70. Plaintiffs, as 30 percent shareholders of Nominal Defendant RFSI, bring the following claims on behalf of RFSI.

### Count I: Trademark Infringement, False Designation of Origin, and Unfair Competition under 15 U.S.C. § 1125(a) (Against all Defendants)

71. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 69 above as if fully set forth herein.

72. RFSI owns common law rights to the Common Law Marks, which include the service mark "ROSATI'S" and the associated logo mark, as set forth in Paragraph 30, *supra*.

73. Defendants' Infringing Pizzas are sold in boxes that prominently display the Common Law Marks to signify the source of the pizzas.

74. Defendants' use of the Common Law Marks on the Infringing Pizzas is likely to cause confusion, to cause mistake, and to deceive customers and potential customers as to the source or origin of the frozen pizzas and to cause them to mistakenly believe that RFSI has decided

to expand the Rosati's concept into making frozen pizzas, and that the Infringing Pizzas are made by RFSI or by its authorized licensees, and therefore constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75.     Defendants' unauthorized use of the Common Law Marks has caused, and unless enjoined will continue to cause, substantial and irreparable injury to RFSI for which RFSI has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the Common Law Marks.

76.     Upon information and belief, Defendants' infringement of the Common Law Marks is willful and reflects Defendants' intent to trade on the goodwill and strong brand recognition associated with the Common Law Marks.

77.     RFSI is entitled to injunctive relief, and also to recover its actual damages, costs, reasonable attorney's fees, and Defendants' profits under 15 U.S.C. §§ 1114, 1116, and 1117.

### Count II: Trademark Infringement under 15 U.S.C. § 1114
### (Against all Defendants)

78.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 69 above as if fully set forth herein.

79.     RFSI owns valid and enforceable trademark rights in the Registered Marks, as set forth in Paragraph 31, *supra*.  U.S. Registration Nos. 1,906,101 and 1,934,683 are incontestable and *prima facie* evidence of the validity and enforceability of the Registered Marks, and of RFSI's sole ownership of them.  Moreover, the Registered Marks have acquired distinctiveness and secondary meaning as used in connection with restaurant services.

80.     Defendants' Infringing Pizzas are sold in boxes that prominently display the Registered Marks to signify the source of the pizzas.

81.     Defendants' distribution and sale of frozen pizzas under the Registered Marks violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

82.     Defendants' use of the Registered Marks on frozen pizzas is likely to cause confusion, to cause mistake, and to deceive customers and potential customers as to the source or origin of the frozen pizzas and to cause them to mistakenly believe that RFSI has decided to expand the Rosati's concept into making frozen pizzas, and that the Infringing Pizzas are made by RFSI or by its authorized licensees.

83.     Defendants' unauthorized use of the Registered Marks has caused and, unless enjoined, will continue to cause substantial and irreparable injury to RFSI for which RFSI has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the Registered Marks.

84.     Defendants' use of the Registered Marks on inferior, pre-packaged frozen pizzas degrades the brand equity and meaning of the Registered Marks, which until 2020 have only been associated with fresh, high-quality pizza prepared and served by Registered Pizza Restaurants.

85.     Upon information and belief, Defendants' infringement of the Registered Marks is willful and reflects Defendants' intent to trade on the goodwill and strong brand recognition associated with the Registered Marks without permission from or compensation to the owner of such marks.

86.     RFSI is entitled to injunctive relief, and also to recover its actual damages, costs, reasonable attorney's fees, and Defendants' profits under 15 U.S.C. §§ 1114, 1116, and 1117.

**Count III: Trademark Dilution under 15 U.S.C. § 1125(c)**
**(Against all Defendants)**

87.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 69 above as if fully set forth herein.

88.     The Rosati's Marks are famous marks.  Specifically, the Rosati's Marks have acquired a high degree of distinctiveness, have been used for four decades in connection with the sale of fresh, high-quality pizza in restaurants within Illinois and eighteen other states, have a high degree of recognition among consumers, and are registered on the Principal Register of the USPTO under the Lanham Act.  Accordingly, the Rosati's Marks qualify for protection from dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

89.     Defendants use the Rosati's Marks on the Infringing Pizzas as trademarks to identify the source of goods or services.

90.     Defendants' unauthorized use of the Rosati's Marks has diluted and damaged the distinctive quality of the marks by lessening the capacity of the Rosati's Marks to function as indicators of source and thus constitutes dilution by blurring under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

91.     Defendants' unauthorized use of the Rosati's Marks on inferior frozen pizzas has harmed the reputation of and the goodwill associated with the Rosati's Marks that previously were associated only with fresh, high-quality restaurant pizza, and thus constitutes dilution by tarnishment under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

92.     Defendants' unauthorized use of the Rosati's Marks has caused and, unless enjoined, will continue to cause substantial and irreparable injury to RFSI for which RFSI has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the Rosati's Marks.

93.     RFSI is entitled to injunctive relief, and also to recover its actual damages, costs, reasonable attorney's fees, and Defendants' profits under 15 U.S.C. §§ 1114, 1116, and 1117.

## Count IV: Trademark Counterfeiting under 15 U.S.C. § 1114
### (Against all Defendants)

94.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 69 above as if fully set forth herein.

95.     RFSI owns valid and enforceable trademark rights in the Registered Marks, which are listed on the Principal Register of the USPTO under the Lanham Act.

96.     Defendants used "spurious marks that are identical with, or substantially indistinguishable from" the Registered Marks on the Infringing Pizzas and therefore used "counterfeit" marks as defined by 15 U.S.C. § 1127.

97.     Defendants used the spurious marks knowing that they are counterfeit, *i.e.* knowing that they are "substantially indistinguishable from" the Registered Marks, in connection with the sale, offering for sale, and distribution of frozen pizzas that are in direct competition with the goods sold by RFSI's authorized licensees (including Plaintiffs and their sublicensees) under the Registered Marks.

98.     Defendants' use of the spurious marks is likely to cause confusion, to cause mistake, or to deceive by causing consumers to believe that the Infringing Pizzas are authorized, sponsored, or approved by RFSI or that RFSI is affiliated, connected, or associated with or in some way related to the distribution of frozen pizzas bearing the Registered Marks.

99.     The acts described above constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

100.    Upon information and belief, Defendants' use of the spurious marks as described above is willful and reflects Defendants' intent to trade on the goodwill and strong brand equity associated with the Registered Marks.

101.    Defendants' unauthorized use of the Registered Marks has caused, and unless enjoined will continue to cause, substantial and irreparable injury to RFSI for which RFSI has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the Registered Marks.

102.    RFSI is entitled to injunctive relief, and is also entitled to recover an amount representing three times RFSI's damages or Defendants' profits under 15 U.S.C. § 1117(b) or, at RFSI's election, statutory damages as provided by 15 U.S.C. § 1117(c), and its costs and reasonable attorney's fees under 15 U.S.C. § 1117(a) and (b).

### Count V: Trademark Infringement under Illinois Common Law
### (Against all Defendants)

103.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 69 above as if fully set forth herein.

104.    RFSI owns common law rights to the Common Law Marks, which include the service mark "ROSATI'S" and the associated logo mark, as referenced in Paragraph 30, *supra*. The Common Law Marks have been used continuously in connection with pizza since at least 1964 in Illinois and today are used in at least eighteen other states across the country. The Common Law Marks have acquired distinctiveness and secondary meaning when used in connection with pizza and/or restaurant services.

105.    As the Individual Defendants acknowledged in the License Agreements, RFSI is the "sole and exclusive owner of all right, title and interest in and to the [Common Law Marks]" and the Individual Defendants do not have any right to use the Common Law Marks other than as

22

specified in the License Agreements. (*See* Ex. A at Preamble.) Moreover, both of the Individual Defendants agreed not to "contest, deny[,] or challenge the validity of the [Common Law] Marks or [RFSI's] rights therein." (*See id.* § 4.)

106. Defendants' use of the Common Law Marks on frozen pizzas is likely to cause confusion, to cause mistake, and to deceive customers and potential customers as to the source or origin of the frozen pizzas and to cause them to mistakenly believe that RFSI has decided to expand the Rosati's concept into making frozen pizzas, and that the Infringing Pizzas are made by RFSI or by its authorized licensees, and therefore constitutes trademark infringement under Illinois common law.

107. Upon information and belief, Defendants' use of the Common Law Marks as described above is willful and reflects Defendants' intent to trade on the goodwill and strong brand equity associated with the Common Law Marks.

108. Defendants' unauthorized use of the Common Law Marks has caused and, unless enjoined, will continue to cause substantial and irreparable injury to RFSI for which RFSI has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the Rosati's Common Law Marks.

109. RFSI is entitled to injunctive relief and award of actual and punitive damages under Illinois common law.

### Count VI: Trademark Dilution under Illinois Common Law
### (Against all Defendants)

110. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 69 above as if fully set forth herein.

111. The Common Law Marks are famous marks. Specifically, the Common Law Marks have acquired a high degree of distinctiveness, have been used for four decades in

connection with the sale of fresh, high-quality pizza in restaurants within Illinois, and have a high degree of recognition among consumers, and are registered on the Principal Register of the USPTO under the Lanham Act. Accordingly, the Common Law Marks qualify for protection from dilution under Illinois common law.

112.     Defendants' unauthorized use of the Common Law Marks has diluted and damaged the distinctive quality of the marks by lessening the capacity of the Common Law Marks to function as indicators of source and thus constitutes dilution by blurring.

113.     Defendants' unauthorized use of the Common Law Marks on inferior frozen pizzas has harmed the reputation of the Common Law Marks that previously were associated only with fresh, high-quality restaurant pizza, and thus constitutes dilution by tarnishment.

114.     Upon information and belief, Defendants' use of the Common Law Marks as described above is willful and reflects Defendants' intent to trade on the goodwill and strong brand equity associated with the Common Law Marks.

115.     Defendants' unauthorized use of the Common Law Marks has caused, and unless enjoined will continue to cause substantial and irreparable injury to RFSI for which RFSI has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the Common Law Marks.

116.     RFSI is entitled to injunctive relief and award of actual and punitive damages under Illinois common law.

### Count VII: Violation of Illinois Uniform Deceptive Trade Practices Act
### (Against all Defendants)

117.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 69 above as if fully set forth herein.

118.    Defendants' unauthorized use of the Rosati's Marks has caused, and if not enjoined will continue to cause, "likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification" of the Infringing Pizzas by RFSI, and thus constitutes a deceptive trade practice under 815 ILCS 510/2(a)(2).

119.    Defendants' unauthorized use of the Rosati's Marks has caused, and unless enjoined will continue to cause substantial and irreparable injury to RFSI for which RFSI has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the Rosati's Marks.

120.    Defendants' unauthorized use of the Rosati's Marks has also caused, and unless enjoined will continue to cause, direct financial injury to RFSI by reason of the loss of licensing revenue to which it would otherwise be entitled in exchange for a license to use the valuable Rosati's Marks.

121.    RFSI is entitled to injunctive relief and recovery of its costs and attorney's fees under 815 ILCS 510/3.

### Count VIII: Breach of Contract
### (Against the Individual Defendants)

122.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 69 above as if fully set forth herein.

123.    Individual Defendants Anthony and David Rosati each signed License Agreements with RFSI in 1998.

124.    Those License Agreements grant Anthony and David a license "to use, and to sublicense the use of, the [Rosati's] Marks . . . *to operate Rosati's Pizza Restaurants*." (*See* Ex. A § 1 (emphasis added)).

125.    The License Agreements also specifically prohibit Anthony and David from "us[ing] or licens[ing] the Marks in any way not expressly authorized herein," (*see id.* § 15) and further provide that each licensee "may only sublicense the [Rosati's] Mark[s] . . . for purposes of *operating individual Rosati's Pizza Restaurants*." (*Id.* § 10 (emphasis added)).

126.    By using the Rosati's Marks to distribute and sell frozen pizzas, or by sublicensing the Rosati's Marks for use in connection with frozen pizzas, Anthony and David breached Sections 10 and 15 of their License Agreements with RFSI.

127.    Section 7 of the License Agreements requires each licensee to "provide, and to cause his/her sublicensees to provide, a quality of services and products sold under the [Rosati's] Marks that is commensurate with the quality of products and services offered by Rosati's Pizza Restaurants as of the date of this Agreement." (*See id.* § 7). The quality of frozen pizzas does not meet the high standards of fresh, non-frozen, high-quality pizza offered by the Rosati's Pizza Restaurants as of 1998 (the date of the License Agreements' execution) and today.

128.    Accordingly, by using the Rosati's Marks in connection with inferior frozen pizza, or sublicensing the Rosati's Marks for use in connection with such inferior frozen pizza, the Individual Defendants have breached Section 7 of their License Agreements with RFSI.

129.    Moreover, as acknowledged in the preamble to the License Agreements, and as further explained in Section 2 of the relevant License Agreements, Anthony and David's license to use or to sublicense the Rosati's Marks was subject to a system of "exclusive territorial rights" designed to control competition between licensees and sublicensees of the Rosati's Marks. (*See id.* at Preamble, § 2). Anthony and David further agreed to refrain from selling Rosati's-branded pizzas within 5 miles (by road) of a pre-existing Rosati's Pizza Restaurant in the 1998 Agreement Concerning Exclusive Territorial Rights. (*See* Ex. D § 1).

130.     By selling frozen pizzas in grocery stores within five miles (by road) of pre-existing Rosati's Pizza Restaurants, Anthony and David have violated their obligations under the License Agreements and under the Agreement Concerning Exclusive Territorial Rights.

### Count IX: Breach of Fiduciary Duty
### (Against the Individual Defendants)

131.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 69 above as if fully set forth herein.

132.     As directors and officers of RFSI, Individual Defendants Anthony and David owe fiduciary duties to RFSI, including the duty of loyalty and the duty of care.

133.     Upon information and belief, neither Anthony nor David disclosed their plans to sell frozen pizzas under the Rosati's Marks to Plaintiffs or to the other RFSI shareholder-directors.

134.     Anthony and David have violated their fiduciary duties (1) by misappropriating RFSI's valuable intellectual property for their own private material benefit, without authorization from or compensation to RFSI or its shareholders, (2) by usurping the valuable corporate opportunity of exploiting the Rosati's Marks in connection with the distribution and sale of frozen pizzas, and (3) by damaging the goodwill and reputation associated with the Rosati's Marks by using those marks in connection with an inferior product, to the detriment of RFSI's licensees and sublicensees.

135.     Anthony and David have engaged in self-dealing by using their control over RFSI's management and board of directors to prevent RFSI from enforcing its marks against their frozen pizza enterprise.

136.     Anthony and David have further violated the duty of care by failing to take reasonable efforts to protect the interests of RFSI shareholders from the misappropriation and dilution of RFSI's intellectual property.

27

137.     As a result of Anthony and David's breaches of their fiduciary duties, RFSI has suffered direct financial harm by reason of lost licensing revenue and/or royalties to which RFSI would otherwise be entitled in exchange for a license to use the Rosati's Marks on frozen pizzas. Moreover, RFSI has suffered intangible harm in the form of the diminution of the value of the Rosati's Marks and the degradation of the goodwill and reputation associated with those marks.

138.     RFSI is entitled to injunctive relief, actual damages, and disgorgement of Anthony and David's profits as a result of their breaches of their fiduciary duties to RFSI.

## DIRECT CLAIMS

139.     Plaintiffs bring the following claims individually:

### Count X: Breach of Contract
### (Against the Individual Defendants)

140.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 64 above as if fully set forth herein.

141.     Individual Defendants Anthony and David Rosati each signed License Agreements with RFSI in 1998.

142.     Because each shareholder-licensee of RFSI was an intended third-party beneficiary of the License Agreements' exclusivity and non-competition provisions, the agreements were also signed by each individual RFSI shareholder-licensee.  (*See* Ex. A at 9.)

143.     As alleged above, by selling frozen pizzas of inferior quality under the Rosati's Marks without authorization from RFSI, and by selling those pizzas within five miles (by road) from pre-existing Rosati's Pizza Restaurants owned by Plaintiffs, Anthony and David have breached Sections 2, 7, 10, and 15 of the License Agreements.  (*See* ¶¶ 123–130, *supra*.)

144.    As intended third-party beneficiaries and co-signatories of the License Agreements, Plaintiffs have standing to sue Anthony and David for their breach of Sections 2, 7, 10, and 15 of those agreements.

145.    By reason of Anthony and David's breach of those provisions, Anthony and David have caused and, unless enjoined, will continue to cause irreparable harm through the diminution of the value, goodwill, and reputation of the Rosati's Marks of which Plaintiffs are licensees, and under which Plaintiffs or their sublicensees operate at least 68 pizza restaurants across the country.

146.    Plaintiffs are entitled to compensatory damages and injunctive relief.

### Count XI: Violation of Illinois Uniform Deceptive Trade Practices Act
### (Against all Defendants)

147.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 64 above as if fully set forth herein.

148.    As alleged above, Defendants communicate to consumers on the box in which the Infringing Pizzas are sold that the Rosati's "family" responsible for the frozen pizzas "is honored to say that the Rosati's brand has ***over 200 restaurants*** nationwide."  Because there are only 235 Rosati's Pizza Restaurants in existence, and because 68 of those restaurants are owned and operated by Plaintiffs or their sublicensees, Defendants' pizza box therefore misleadingly implies that the restaurants owned by Plaintiffs or their sublicensees are the source of or otherwise approved of the frozen pizza products.

149.    Defendants' unauthorized use of the Rosati's Marks has caused, and if not enjoined will continue to cause, "likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification" of the Infringing Pizzas by restaurants owned and operated by Plaintiffs or their sublicensees, and thus constitutes deceptive trade practices under 815 ILCS 510/2(a)(2).

29

150.    Defendants' unauthorized use of the Rosati's Marks has caused, and unless enjoined will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with their individual restaurants.

151.    Plaintiffs are entitled to injunctive relief and recovery of its costs and attorney's fees under 815 ILCS 510/3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Michael Rosati and William Rosati, individually and on behalf of Nominal Defendant Rosati's Franchise Systems, Inc., hereby respectfully request the following relief:

1.    ON THEIR FIRST, SECOND, AND THIRD CAUSES OF ACTION, permanent injunctive relief (1) enjoining Defendants from using the Rosati's Marks in connection with frozen pizzas without authorization from RFSI; (2) enjoining Defendants from licensing any third parties to distribute and/or sell frozen pizzas that carry the Rosati's Marks; (3) ordering Defendants to terminate any existing licenses that permit the sale or distribution of frozen pizzas with the Rosati's Marks; and (4) ordering Defendants to take appropriate actions to cause any sublicensees to stop distributing and selling frozen pizzas that bear the Rosati's Marks, and an award of damages to RFSI representing RFSI's actual damages and/or Defendants' profits.  Plaintiffs also seek an award for payment of RFSI's costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

2.    ON THEIR FOURTH CAUSE OF ACTION, permanent injunctive relief as specified above, and an award of damages to RFSI representing three times RFSI's damages or Defendants' profits under 15 U.S.C. § 1117(b) or, at RFSI's election, statutory damages as

provided by 15 U.S.C. § 1117(c), and its costs and reasonable attorney's fees under 15 U.S.C. § 1117(a) and (b).

3.    ON THEIR FIFTH AND SIXTH CAUSES OF ACTION, permanent injunctive relief as specified above, and an award of actual and punitive damages under Illinois common law to RFSI.

4.    ON THEIR SEVENTH CAUSE OF ACTION, permanent injunctive relief as specified above, and RFSI's costs and attorney's fees under 815 ILCS 510/3.

5.    ON THEIR EIGHTH CAUSE OF ACTION, permanent injunctive relief as specified above, and an award of compensatory damages to RFSI.

6.    ON THEIR NINTH CAUSE OF ACTION, permanent injunctive relief as specified above, and an award of disgorgement of the Individual Defendants' profits to RFSI.

7.    ON THEIR TENTH CAUSE OF ACTION, permanent injunctive relief as specified above, and an award of compensatory damages to Plaintiffs.

8.    ON THEIR ELEVENTH CAUSE OF ACTION, permanent injunctive relief as specified above, and Plaintiff's costs and attorney's fees under 815 ILCS 510/3.

9.    With respect to all claims brought derivatively on behalf of RFSI, the costs and disbursements of the action, including reasonable attorneys' fees and experts' fees, costs, and expenses.

10.    Such other relief as this Court deems appropriate.

Dated:  December 29, 2020                    Respectfully submitted,

/s/ Jordan M. Heinz

Brian D. Sieve, P.C.
Jordan M. Heinz
Lisa Santaniello (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000
brian.sieve@kirkland.com
jheinz@kirkland.com
lisa.santaniello@kirkland.com

*Attorneys for Plaintiffs*