# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL ROSATI, individually and derivatively on behalf of Rosati's Franchise Systems, Inc. and WILLIAM ROSATI, individually and derivatively on behalf of Rosati's Franchise Systems, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY ROSATI, DAVID ROSATI, and POWER PLAY DISTRIBUTORS, LLC, <br><br> Defendants, <br><br> and <br><br> ROSATI'S FRANCHISE SYSTEMS, INC. <br><br> Nominal defendant. | No. 20-cv-07762 <br><br> Judge John F. Kness |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE is before the Court on Plaintiffs Michael and William Rosati's ("Plaintiffs") Motion for a Preliminary Injunction against Defendants Anthony Rosati, David Rosati (the "Individual Defendants"), and Power Play Distributors, LLC ("Power Play," collectively, "Defendants," and, together with Plaintiffs, the "Parties"), brought derivatively on behalf of Nominal Defendant Rosati's Franchise Systems, Inc. ("RFSI") (the "Motion"). (ECF 28.). Having considered the evidence before it, the Court grants the Motion.

The parties do not dispute that the Court has personal jurisdiction over Defendants.

THIS COURT FINDS that issuing this Preliminary Injunction is warranted under Rule 65 of the Federal Rules of Civil Procedure. Evidence submitted in support of the Motion establishes that Plaintiffs have a significant likelihood of success on the merits of their claims of federal trademark infringement brought on behalf of RFSI; that RFSI will suffer irreparable harm if the injunction is not granted for which there is no adequate remedy at law; and that the balance of harms and public interest both favor preliminary injunctive relief.

Specifically, the Court finds that Plaintiffs have a significant likelihood of success on the merits because: (1) it is undisputed that RFSI is the owner of a number of trademarks, including the federally registered trademarks ROSATI'S PIZZA (U.S. Reg. No. 1,906,101) and ROSATI'S AUTHENTIC CHICAGO PIZZA EST. 1964 (U.S. Reg. No. 1,934,683) and the associated common law trademarks (collectively, the "Rosati's Marks"); (2) Plaintiffs are likely to succeed in showing that the license agreements between RFSI and its licensees, including the Individual Defendants, grant those licensees the limited right to use the Rosati's Marks "to operate Rosati's Pizza Restaurants" and thus do not permit the Individual Defendants to use those marks in connection with mass-produced frozen pizzas sold at grocery stores (the "Frozen Pizzas"); and (3) Plaintiffs are likely to succeed in showing a likelihood of confusion resulting from Defendants' use of the Rosati's Marks in connection with the Frozen Pizzas, *see Eveready Battery Co. v. Adolph Coors Co.*, 765 F. Supp. 440, 449 (N.D. Ill. 1991). The Court further finds that Plaintiffs have alleged facts sufficient to raise a reasonable doubt as to whether a majority of RFSI's board of directors were sufficiently disinterested and independent to consider a pre-suit litigation demand and that such demand would have been futile, thus giving Plaintiffs standing to bring a shareholder derivative suit on RFSI's behalf.

The Court finds that Defendants' continued and unauthorized use of the Rosati's Marks on the Frozen Pizzas will cause irreparable harm to RFSI, and that such harm outweighs any injury that Defendants would suffer as a result of the issuance of this Preliminary Injunction. Lastly, the public interest favors injunctive relief in order to protect consumers from confusion in the marketplace.

The Parties have stipulated and agreed to the following terms in order to minimize the harm to Defendants from the injunction and to give the Parties time to discuss and negotiate a resolution of this dispute. The Court recognizes that, in so stipulating, each Party reserves its respective rights, and nothing in this Order shall be construed as an admission by any Party as to any fact or legal conclusion.

Accordingly, this Court orders that:

1. From August 30, 2021 through September 30, 2021, Defendants may continue manufacturing, distributing, and selling the Frozen Pizzas, and may continue to accept purchase orders or other commitments to deliver the Frozen Pizzas to retailers.

2. Beginning on October 1, 2021, Defendants, their affiliates, officers, agents, employees, and all persons acting for, with, by, through, under or in active concert or participation with them, including without limitation any manufacturers or commercial kitchens, are enjoined and restrained from:

    a. manufacturing, assembling, or packaging any products displaying, affixing, or otherwise using the Rosati's Marks or any reproductions, counterfeit copies or colorable imitations thereof (including the Frozen Pizzas), other than products that are assembled and sold at a brick-and-mortar Rosati's Pizza Restaurant, to which this Order does not apply; and

        b.        accepting any purchase orders or other commitments to manufacture, distribute, deliver, ship, or sell any products displaying, affixing, or otherwise using the Rosati's Marks or any reproductions, counterfeit copies or colorable imitations thereof (including the Frozen Pizzas), other than products that are assembled and sold at a brick-and-mortar Rosati's Pizza Restaurant, to which this Order does not apply.

    3.    For the avoidance of doubt, from October 1, 2021 through October 13, 2021, Defendants may continue to fulfill purchase orders accepted prior to October 1, 2021 by distributing and delivering any Frozen Pizzas that have been assembled, manufactured, packaged, and made ready for shipment before October 1, 2021. Defendants may not accept new purchase orders after September 30, 2021.

    4.    On or before October 1, 2021, Defendants will provide actual notice of this Order to each and every commercial entity involved in the manufacture of the Frozen Pizzas, including without limitation every commercial kitchen or manufacturer of the same (collectively, the "Non-Party Manufacturers"). Each such party who receives actual notice thus will be bound by this Order.

    5.    Beginning on October 14, 2021, Defendants, their affiliates, officers, agents, employees, and all persons acting for, with, by, through, under or in active concert or participation with them are enjoined and restrained from assembling, manufacturing, marketing, distributing, delivering, shipping, offering for sale, or selling any products displaying, affixing, or otherwise using the Rosati's Marks or any reproductions, counterfeit copies or colorable imitations thereof (including the Frozen Pizzas), other than products that are assembled and sold at a brick-and-mortar Rosati's Pizza Restaurant, to which this Order does not apply.

6. On or before October 14, 2021, Defendants will provide actual notice of this Order to each and every commercial entity involved in the distribution, delivery, or shipment of the Frozen Pizzas (the "Non-Party Distributors"). Each such party who receives actual notice thus will be bound by this Order.

7. On or before October 18, 2021, Defendants shall file with the Court and serve on Plaintiffs a report in writing and under oath setting forth "in detail the manner and form" in which they have complied with each provision of this Order, pursuant to 15 U.S.C. § 1116. The report shall include:

    a. a description of the steps undertaken by each Defendant to comply with paragraphs two (2), four (4), five (5), and six (6) of this Order and to cause the immediate cessation of any further assembly, manufacture, marketing, distribution, delivery, shipment, offering for sale, or sale of Frozen Pizzas, including a specification of the time and date on which each step was undertaken;

    b. an affirmation that, beginning on October 1, 2021, Defendants caused the immediate cessation of the assembly, manufacture, and packaging of Frozen Pizzas, and that, beginning on October 1, 2021, Defendants did not accept any new purchase orders or other commitments to manufacture, distribute, deliver, ship, or sell Frozen Pizzas;

    c. an affirmation that Defendants have provided actual notice of this Order to all Non-Party Manufacturers and Non-Party Distributors, and a specification of the time and date on which Defendants provided such notice to each Non-Party Manufacturer and Non-Party Distributor; and

      d.      a statement regarding the number of Frozen Pizzas shipped from August 1, 2021 to October 14, 2021, including the gross revenue, gross margin, and royalty payments generated as a result of such shipments.

8. Notwithstanding the above, Defendants are not required to recall any Frozen Pizzas from grocery stores or other retail outlets (the "Retailers"). The Retailers may continue merchandising, offering for sale, and selling to consumers any Frozen Pizzas received prior to October 14, 2021.

9. Plaintiffs shall post a bond as security for this Order in the amount of $250,000 with the Clerk of the Court within fourteen (14) days of the entry of this Order. The $250,000 bond may be provided by a personal check made payable to "Clerk, U.S. District Court." This Order shall become effective immediately upon the posting of the bond and shall remain in effect until further Order of the Court.

Dated: August 30, 2021

                                                                          Judge John F. Kness